IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01042-ZLW

PETER P. MAUCHLIN,

      Plaintiff,

v.

ROBERT A. HOOD, Warden,
R. MADISON, Correctional Counselor,
N. FIELDS, Adm. Remedy Coordinator,
MICHAEL K. NALLEY, Regional Director, and
HARRELL WATTS, Adm. of National Appeals (Adm. Remedys [sic]),

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on Plaintiff Peter P. Mauchlin's Letter filed with the Court on July 24, 2005. Upon review of the Letter, the Court has determined that Plaintiff is challenging the Court's Order and Judgment of Dismissal filed July 15, 2005. Therefore, the Court will construe the Letter as a Motion to Reconsider.

Mr. Mauchlin is in the custody of the United States Bureau of Prisons and currently is held at ADX Florence. On May 26, 2005, Mr. Mauchlin submitted to the Court a Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. On July 15, the Court dismissed the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order filed on July 15 dismissed the Complaint and action. The instant Letter was filed on July 24. Plaintiff filed the Letter within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Letter properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) and will be construed as a Motion to Reconsider.

In the Motion, Plaintiff argues that the Complaint does not involve just the use of smoking products but tobacco products in general. He further contends that even though the use of tobacco products is a privilege he is entitled to due process when the

2

privilege is suspended.  A motion to reconsider that reiterates issues originally raised in

the complaint and that seeks to challenge the legal correctness of a court's judgment by

arguing that the district court misapplied the law or misunderstood the litigant's position

correctly is asserted pursuant to Fed. R. Civ. P. 59(e).  *Van Skiver*, 952 F.2d at 1244.

Plaintiff's attempt to differentiate between smoking products and tobacco

products in general is of no avail.  Plaintiff has no liberty interest in the possession of

either smoking products or tobacco products in general.  He, therefore, is not entitled to

any procedural protections in the banning of any tobacco product.

Furthermore, If Defendants were acting pursuant to governing regulations in

taking tobacco products from Plaintiff, which appears to be the case here, the

availability of post-deprivation remedies would be immaterial.  *See Logan v.*

*Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982) (post-deprivation remedies

inadequate where deprivation of property caused by conduct pursuant to established

procedure).  The Court, therefore, finds and concludes that Mr. Mauchlin fails to

demonstrate some reason why the Court should reconsider and vacate the July 15,

2005, Order and Judgment of Dismissal.

Mr. Mauchlin also is directed to refrain from the use of offensive language in any

future filings with the Court, such as he used in the last two lines of the Motion to

Reconsider.  The offensive language is included for no valid purpose.  Rule 11(b) of the

Federal Rules of Civil Procedure provides as follows:

> Representations to Court.  By presenting to the court
> (whether by signing, filing, submitting, or later advocating) a
> pleading, written motion, or other paper, an attorney or
> unrepresented party is certifying that to the best of the

person's knowledge, information, and belief, formed after an
inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper
purpose, such as to harass . . . .

If Plaintiff continues to use offensive language in any future filings with the Court

he will be subject to sanctioning under Rule 11(C) of the Federal Rules of Civil

Procedure.  Sanctions may include the striking of offensive filings and restrictions on

Plaintiff's ability to file actions with the Court.  Accordingly, it is

ORDERED that Plaintiff's Letter, filed July 24, 2005, is construed as a Motion to

Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this **26** day of _____ *Aug.* _____, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-01042-ZLW

Peter P. Mauchlin
Reg. No. 71743-158
ADX  – Florence
PO Box 8500
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _8/29/05_

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk